```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

FOX HOLLOW CONDOMINIUM ASSOCIATION,
INC.,

                    Plaintiff,

vs.                            Case No.   2:11-cv-131-FtM-29DNF

EMPIRE INDEMNITY INSURANCE COMPANY,

                    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Count III of Plaintiff's Complaint (Doc. #6) and Motion to Strike Count I, Paragraph 32(B) and Any Allegations Related to a Bad Faith Claim (Doc. #7) filed on March 18, 2011.  Plaintiff filed Memoranda in Opposition (Docs. #13, #14).

**I.**

Defendant argues that Count III is not currently a recognized cause of action in Florida, but is essentially a premature bad faith claim in disguise and is otherwise redundant of the other counts.  Defendant also acknowledges that the viability of the claim as an independent cause of action is a pending issue before the Florida Supreme Court.  See Chalfonte Condo. Apt. Ass'n, Inc. v. QBE Ins. Corp., 561 F.3d 1267 (11th Cir. 2009).  Since both the federal and state appellate courts have "engaged in the judicial equivalent of 'your guess is as good as mine'" as to the validity of such a claim, Citizens Prop. Ins. Co. v. Bertot, 14 So. 3d 1073,

1075 (Fla. 3d DCA 2009), the Court cannot find that such a claim in not plausible. Therefore, the motion to dismiss will be denied. The argument that defendant failed to comply with S.D. Fla. R. 7.1(a)(3) is rejected because that Rule does not apply in the Middle District of Florida. Additionally, the applicable Local Rule, M.D. Fla. R. 3.01(g), does not apply to dispositive motions.

Plaintiff agrees that discovery as to Count III is premature. While the Court declines to dismiss Count III, it will stay discovery related to that count. Geico Gen. Ins. Co. v. Rodriguez, 23 So. 3d 1212 (Fla. 3d DCA 2009).

**II.**

Defendant seeks to strike paragraph 32B of the Complaint because there is "no bonafide, actual present need for this declaration as the statue of limitations is not in dispute or at issue in this case." (Doc. #7, p. 2.) Defendant argues that there is no requirement to declare that the statue of limitations began on the date that Empire breached the insurance contract, and any such decision would constitute an advisory opinion, because "Empire agreed it would not raise a statute of limitations defense if Plaintiff filed a lawsuit on its Hurricane Wilma claim before February 24, 2011." (Id. at p. 3.) Empire further states that it "will not raise a statute of limitations defense." (Id.) Plaintiff argues that unless a stipulation is made in writing that Empire will not raise the issue of filing prematurely or that Fox

missed the statute of limitations, the issue remains properly before the Court. Plaintiff also states that the Court may enter an Order deeming the issue waived.

The Court finds that counsel's written statements that the statute of limitations will not be asserted is a sufficient stipulation that the issue has been waived and there is no dispute in controversy as to it. Fed. R. Civ. P. 11(b). Therefore, the motion to strike will be granted to the extent that the statute of limitations issue is deemed waived, and Empire will be estopped from ever asserting to the contrary.

### III.

Defendant also seeks to strike paragraphs 7D, 7E, 15, 16, 17, 18, and 47 of the Complaint because they contain allegations of bad faith, or are "strikingly similar to what is actionable bad faith", and therefore irrelevant and highly prejudicial to defendant. (Doc. #7, pp. 4, 5.) Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court finds this standard has not been satisfied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (Doc. #6) is **DENIED**. Discovery relating solely to Count

III will be **STAYED** pending a decision from the Florida Supreme Court on the certified questions presented by the Eleventh Circuit Court of Appeals in <u>Chalfonte Condo. Apt. Ass'n, Inc. v. QBE Ins. Corp.</u>, 561 F.3d 1267 (11th Cir. 2009).

2. Defendant's Motion to Strike Count I, Paragraph 32(B) and Any Allegations Related to a Bad Faith Claim (Doc. #7) is **GRANTED IN PART AND DENIED IN PART.** The motion to strike paragraph 32B is granted to the extent that the statute of limitations defense is deemed waived. The motion to strike paragraphs 7D, 7E, 15, 16, 17, 18, and 47 is denied.

3. Defendant shall file its answer to all counts within **FOURTEEN (14) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of June, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record